**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **REUVEN TENAMEE,** | ) | **CASE NO. 4:04CV1981** |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| v. | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **WARDEN T.Z. SNIEZEK,** *et al.*, | ) | |
| | ) | |
| RESPONDENTS. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

This matter is before the Court upon Petitioner's *pro se* Writ of Habeas Corpus Petition ("Petition"), filed on September 30, 2004, pursuant to 28 U.S.C. § 2241. (Dkt. #1). Also before the Court is the Respondent's Return of Writ (Dkt. #10), and Petitioner's Traverse (Dkt. #11).

I.   FACTS AND ANALYSIS

Petitioner Reuven Tenamee ("Petitioner) is a federal prisoner currently incarcerated at the Federal Correctional Institution in Elkton, Ohio. On March 1, 2002, the United States District Court for the District of Maryland sentenced Petitioner to 70 months imprisonment and a three year term of supervised release for distribution of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner's habeas corpus petition alleges that his sentence was erroneously computed by the Federal Bureau of Prisons. Specifically, Petitioner contends that the Bureau of Prisons failed to credit him with time

served in a Brazilian prison against his federal sentence. Petitioner requests that this Court direct the Bureau of Prisons to credit him with all time served in the Brazilian prison as federal prior custody credit.

Petitioner's Brazilian prison sentence stemmed from his arrest in Brazil on drug trafficking charges on April 12, 1990. Petitioner was held in Brazilian custody from that date until his escape on November 1, 1990. Petitioner asserts that his arrest in Brazil was orchestrated by the United States Drug Enforcement Administration (DEA) and that the time he spent in Brazilian custody prior to his federal arrest was not credited against a valid Brazilian sentence, and thus should be credited against his federal sentence.

The statutory provision governing credit for prior custody states:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). The statute expressly limits prior custody credit to situations where an inmate serves time in official detention following the commission of a federal offense and prior to the commencement of the federal sentence for that offense and where that time in custody has not been applied against any other sentence. Id. This provision makes explicit that Congress did not intend defendants to receive double credit for time served prior to the

2

commencement of a federal sentence. United States v. Wilson, 503 U.S. 329, 338 (1992).

Respondent argues that the time Petitioner seeks to have considered as prior custody credit does not satisfy 18 U.S.C. § 3585(b) because that time was credited against a Brazilian drug trafficking sentence. There is no dispute that Petitioner was indeed arrested in Brazil on local drug trafficking charges on April 12, 1990, and that he remained in custody until his escape later that year. Petitioner's own post-arrest statements and his Pretrial Services Report, to which he lodged no objections, confirm that he received a one-year sentence in Brazil on the drug trafficking charges. (Return of Writ, Attachments 6-9). Moreover, Petitioner has provided no evidence that the Brazilian sentence was subsequently dismissed or reduced. (Id.) Rather, the record clearly indicates that Petitioner spent his time in Brazilian custody serving a Brazilian sentence.

Petitioner cites a DEA report summarizing communications between the DEA and Brazilian police prior to Petitioner's 1990 arrest as evidence that his Brazilian arrest was effectuated at the request of the United States DEA, and that the time he spent in Brazilian custody was never credited towards a Brazilian sentence. (Traverse, Exhibit A). However, this document demonstrates nothing more than that United States and Brazilian authorities were both investigating Petitioner's drug activity. After Brazilian authorities performed the arrest, Petitioner received a Brazilian sentence and began serving it in a Brazilian prison. (Return of Writ, Attachment #3, pp. 3-4; Attachment #6; Attachment #9). This is separate and distinct from any federal charges which the DEA pursued upon Petitioner's escape from Brazilian custody. Because there is no evidence that Petitioner's Brazilian conviction and

sentence for drug trafficking was fabricated, or that Petitioner's arrest and subsequent incarceration in Brazil had been orchestrated by the DEA, Petitioner's argument that he should receive credit for that time spent in custody must fail.

## II. CONCLUSION

For the reasons discussed above, Petitioner Reuven Tenamee's habeas corpus petition is **DENIED.**  This case is **DISMISSED**.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);   Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

>   **/s/ Peter C. Economus - July 14, 2005**
>   **PETER C. ECONOMUS**
>   **UNITED STATES DISTRICT JUDGE**